Pamela S. Hediger, OSB No. 913099
pam@eechlaw.com
Evashevski, Elliott, Cihak & Hediger, PC
745 NW Van Buren St.
P.O. Box 781
Corvallis, OR  97339
Telephone:    (541) 754-0303
Fax:              (541) 754-1455

Patrick T. Michael (admitted *pro hac vice*)
pmichael@jonesday.com
Joe C. Liu (admitted *pro hac vice*)
jcliu@jonesday.com
Iman Lordgooei (admitted *pro hac vice*)
ilordgooei@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo, Alto, CA  94303
Telephone:     (650) 739-3939

David L. Witcoff (admitted *pro hac vice*)
dlwitcoff@jonesday.com
Justin M. Philpott (admitted *pro hac vice*)
jmphilpott@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL  60601-1692
Telephone:     (312) 782-3939

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| VIDEX, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>TRITEQ LOCK AND SECURITY, LLC, ET AL.,<br><br>             Defendants. | Case No. 6:11-CV-06384-AA<br><br>**PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |

The Miller, Mathias & Hull firm's Motion to Withdraw as Counsel for Defendants (D.I. 69), filed less than three weeks prior to the close of discovery, seeks to delay this case and will severely prejudice Plaintiff Videx, Inc. ("Plaintiff") if it is granted without modification. Plaintiff does not oppose the withdrawal of opposing counsel from the case. However, Plaintiff requests that the Court adopt a revised schedule in order to mitigate the prejudice inherent in the delays caused by counsel's withdrawal, particularly with respect to the 45-day abatement sought by Defendants. Accordingly, the proposed schedule set forth herein addresses Plaintiff's concerns with respect to Defendants' outstanding discovery obligations while allowing Defendants time to secure new counsel.

## I.    FACTUAL BACKGROUND

Throughout the course of this case, Defendants have been deficient and delinquent in responding to discovery. For example, Plaintiff's first set of requests for production were served on Defendant TriTeq Lock and Security, LLC ("TriTeq") on January 13, 2012, but TriTeq did not produce *any* documents until just recently, on August 20, 2012. *See* Declaration of Iman Lordgooei in Support of Plaintiff's Response to Motion to Withdraw as Counsel as Defendants ("Lordgooei Decl.") ¶ 1, Ex. 1. Even then, TriTeq's production was deficient in many respects, such as by failing to include any electronically stored information, adequate financials showing unit sales and costs associated with the accused products, and adequate technical documents describing the accused products. With respect to the remaining defendants, Plaintiff has yet to receive *any* production of documents whatsoever. Accordingly, Plaintiff has engaged opposing counsel in numerous meet and confers over the past several months in an attempt to resolve these and other outstanding discovery issues without burdening the Court. *See, e.g.*, *id*. ¶¶ 3-4, Ex. 3 (8/23/12 Letter from I. Lordgooei to P. Pippenger); Ex. 4 (9/11/12 Ltr. from I. Lordgooei to P. Pippenger). Through this process, opposing counsel represented that TriTeq would allow Plaintiff to take possession of certain product samples, that TriTeq would supplement its production with additional documents such as electronic computer-aided design drawings of the accused products, and that the remaining defendants would make their first production of

documents in the case. *See id.* ¶¶ 5, 8-9, Ex. 5 (9/14/12 Letter from P. Pippenger to I. Lordgooei) at 2-3; Ex. 8 (9/21/12 Email from I. Lordgooei to P. Pippenger); Ex. 9 (9/27/12 Email from I. Lordgooei to P. Pippenger). Plaintiff has yet to receive any of these agreed-upon items.

Rather, on the eve of compliance, opposing counsel has moved to withdraw from the case entirely and has directed Plaintiff to Defendants' yet-to-be-retained new counsel for resolution of all outstanding discovery obligations. *See id.* ¶ 10, Ex. 10 (9/28/12 Email from P. Pippenger to I. Lordgooei reneging on agreement to allow Plaintiff to take possession of certain accused product samples). Furthermore, a number of other scheduling issues and discovery requests are also outstanding. For example, the Defendants' responses to Plaintiff's second set of requests for production, interrogatories, and requests for admission were served on September 14, 2012 are currently due on October 15, 2012. *Id.* ¶¶ 2, Ex. 2 (Certificates of Service). Additionally, the parties had conferred and agreed on dates for the deposition of TriTeq's 30(b)(6) witness, and had begun the meet and confer process for other deponents. *See, e.g.*, Lordgooei Decl. ¶¶ 6, 7, 9, Ex. 6 (9/5/12 Email from J. Liu to P. Pippenger), 7 (9/19/12 Email from J. Liu to P. Pippenger); Ex. 9 (9/27/12 Email from I. Lordgooei to P. Pippenger). Now, TriTeq is also refusing to appear for this deposition.

## II.   PLAINTIFF'S PROPOSED SCHEDULE

Withdrawal of Defendants' counsel less than three weeks from the close of discovery will severely prejudice Plaintiff's ability to prosecute its case. In particular, Defendants have throughout this case failed to comply with discovery obligations in a timely and complete manner. As described above, for example, Plaintiff has yet to receive *any* electronic documents from TriTeq and, indeed, *any* documents whatsoever from the remaining defendants. Accordingly, it is likely that substitution of counsel for Defendants will result in still further delays in Defendants' compliance with outstanding discovery obligations. Such delays will, *inter alia*, prejudice Plaintiff's efforts to review and analyze Defendants' documents, schedule and take depositions, and manage expert discovery.

Plaintiff is aware and sympathetic of opposing counsel's medical concerns and, for this reason, does not oppose the motion to withdraw. Nevertheless, Plaintiff respectfully asks the Court to deny Defendants' request for a 45-day abatement of the case to find and retain new counsel and, instead, adopt the following schedule proposed by Plaintiff:[1]

- immediate production of accused product samples and other documents and things currently in possession of Miller, Mathias & Hull and/or local counsel, Vangelisti Kocher LLP;[2]
- a stay of the case until November 5, 2012 to give Defendants time in which to find and retain new counsel;
- Defendants shall have until November 26, 2012 to complete their fact discovery, including completing their document productions, providing complete responses to all outstanding requests for production, requests for admission, and interrogatories, and completing their depositions of Plaintiff's and any third-party witnesses;
- Plaintiff shall have until December 17, 2012 to complete its fact discovery;
- the parties shall file a Pretrial Order and Joint Alternative Dispute Resolution Report on January 15, 2013;
- by November 26, 2012, the parties shall have met and conferred and filed with the Court a proposed schedule through trial, including mutually-agreeable schedule for expert discovery and dispositive motions.

---

[1] Plaintiff requested that Defendants stipulate to the proposed dates set forth herein, but Defendants' local counsel deferred to Mr. Pippenger, who declined to stipulate. Lordgooei Decl. ¶ 11, Ex. 11 (11/4/2012 E-mail from P. Pippenger to I. Lordgooei).

[2] The withdrawal of Phillip Pippenger should not prevent Defendants from complying with their immediate discovery obligations in this case—for example, production of items that are presently in counsel's possession, including allowing Plaintiff's counsel to take possession of accused product samples. Notably, Defendants are represented by Mr. Pippenger's law firm, Miller, Mathias & Hull, which employs at least ten (10) other attorneys, as well as local counsel, Vangelisti Kocher LLP. These attorneys should at least be able to comply with the immediate discovery agreements negotiated by the parties including the production of product samples and documents from all of the defendants.

Page 3         PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
               WITHDRAW
               Videx v. TriTeq, et al., Case No. 6:11-CV-6384-AA

These proposed deadlines are reasonable and will permit new counsel to get up to speed without delaying the case more than necessary. First, thirty days is sufficient time for Defendants to find and retain counsel. Second, three weeks is sufficient time for Defendants' new counsel to comply with all outstanding discovery obligations, particularly since discovery has been ongoing for close to one year. Plaintiff, however, requires three additional weeks (six weeks total) to complete fact discovery and fully prosecute its case due to Defendants' incomplete discovery to date. As previously described, Plaintiff has yet to receive several documents that Defendants have agreed to produce, responses to a number of written discovery requests, or responses to its scheduling proposals regarding deposition of Defendants' witnesses—all despite Plaintiff's diligent efforts. It is also likely that Defendants may not completely fulfill their obligations until several weeks after the appearance of new counsel. The additional time sought by Plaintiff will, therefore, allow it to review Defendants' forthcoming productions and responses, take the depositions of Defendants' witnesses, and, if necessary, supplement its discovery responses based thereon. Additionally, Plaintiff also requests that the current deadlines for the parties' Pretrial Order and Joint ADR Report be extended to account for the delay in completion of discovery. Finally, Plaintiff requests that the parties meet and confer, upon appearance of Defendants' new counsel, and submit a joint proposed scheduling order setting forth deadlines for the remainder of the case.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for a 45-day abatement of this case and, instead, adopts Plaintiff's proposed schedule set forth herein.

Dated: October 4, 2012 Respectfully submitted,

By:   /s/ *Pamela S. Hediger*
Pamela S. Hediger, OSB No. 913099
pam@eechlaw.com
Evashevski, Elliott, Cihak & Hediger, PC
745 NW Van Buren St.
P.O. Box 781
Corvallis, OR 97339
Telephone:  (541) 754-0303
Fax:  (541) 754-1455

Patrick T. Michael (*pro hac vice*)
pmichael@jonesday.com
Joe C. Liu (*pro hac vice*)
jcliu@jonesday.com
Iman Lordgooei (*pro hac vice*)
ilordgooei@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo, Alto, CA 94303
Telephone:  (650) 739-3939
Fax:  (650) 739-3900

David L. Witcoff (*pro hac vice*)
dlwitcoff@jonesday.com
Justin M. Philpott (*pro hac vice*)
jmphilpott@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone:  (312) 782-3939
Fax:  (312) 782-8585

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012 I electronically filed the foregoing PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys and/or parties listed below:

| | |
|---|---|
| Jonathan E. Mansfield<br>Schwabe Williamson & Wyatt<br>1600-1900 Pacwest Center<br>1211 SW Fifth Avenue<br>Portland, OR 97204 | Peter E. Heuser<br>Schwabe Williamson & Wyatt<br>1600-1900 Pacwest Center<br>1211 SW Fifth Avenue<br>Portland, OR 97204 |
| Kimvi T. To<br>Schwabe Williamson & Wyatt<br>1600-1900 Pacwest Center<br>1211 SW Fifth Avenue<br>Portland, OR 97204 | Phillip Pippenger<br>Miller Matthias & Hull<br>One North Franklin Street, Suite 2350<br>Chicago, IL 60606 |
| Scott F. Kocher<br>Vangelisti Kocher, LLP<br>811 SW Naito Parkway<br>Suite 420<br>Portland, OR 97204 | Richard J. Vangelisti<br>Vangelisti Kocher, LLP<br>811 SW Naito Parkway<br>Suite 420<br>Portland, OR 97204 |

DATED: October 5, 2012.

EVASHEVSKI, ELLIOTT, CIHAK & HEDIGER, P.C.

By:/s/ PAMELA S. HEDIGER
    PAMELA S. HEDIGER, OSB #913099
    Attorney for Plaintiff