UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| VIDEX, INC., an Oregon corporation, | Civ. No. 6:11-cv-6384-AA |
|     Plaintiff, | OPINION AND ORDER |
|   v. | |
| TRITEQ LOCK AND SECURITY, LLC, an Illinois limited liability corporation; ROYAL VENDORS, INC., a West Virginia corporation; CRANE MERCHANDISING SYSTEMS, INC., a Delaware corporation, dba DIXIE-NARCO, INC.; SANDENVENDO AMERICA, INC., a Delaware corporation, | |
|     Defendants. | |

AIKEN, Chief Judge:

    Plaintiff filed suit against defendant Triteq Lock and Security, LLC (TriTeq) and three of TriTeq's customers alleging infringement of U.S. Patent No. 6,564,600 (the '600 Patent).

1  - OPINION AND ORDER

Currently before the court are Triteq's motion to stay, plaintiff's motion to compel, plaintiff's motion for amended protective order, and the parties' proposed discovery and briefing schedules. The court discusses each in turn.

## DISCUSSION

### A. Triteq's Motion to Stay

Triteq moves to stay this action pending its request for reexamination of '600 Patent by the United States Patent and Trademark Office (PTO). Triteq argues that if its request for reexamination is granted, the claims at issue could be affected or become moot.

I agree that reexamination of the '600 Patent could simply or narrow issues raised in this case. However, until Triteq's request for reexamination is granted, any effect it may have on plaintiff's claims is merely speculative. Therefore, I find no good cause to stay this action. If Triteq's request for reexamination is granted by the PTO, the court will entertain renewal of the motion.

### B. Plaintiff's Motion to Compel

Plaintiff filed a motion to compel on October 10, 2012, while a motion to withdraw filed by Triteq's former counsel was pending. The court granted the motion to withdraw based on the serious medical condition of former counsel and stayed the motion to compel pending Triteq's retention of new counsel. Triteq has since hired new counsel and responded to the motion; Triteq indicates that it

2    - OPINION AND ORDER

has been responding to plaintiff's outstanding discovery requests and new counsel is willing to meet and confer regarding any further disputes.

Based on Triteq's representations, I find that the discovery issues raised in plaintiff's motion are most likely moot or have been narrowed significantly. Therefore, I deny the motion to compel with leave to renew upon further conferral with Triteq and clarification of outstanding discovery requests.

Any future motion to compel discovery, filed by any party, shall be accompanied by a certificate of counsel that sets forth <u>in detail</u> the time spent conferring with opposing counsel, the issues discussed, the reasons why agreement could not be reached and the specific issues to be resolved by the court. No motion to compel shall be considered absent the certificate of counsel.

C. <u>Plaintiff's Motion for Amended Protective Order</u>

Plaintiff seeks to amend the current protective order to bar Triteq's current counsel, attorney Richard Watkins, from reviewing confidential documents identified as "Attorney Eyes Only." Plaintiff's motion is based on Watkins's role as in-house counsel for both TriTeq and Micro Enhanced Technology (MET), a direct competitor of plaintiff, and Watkins's representation of both MET and Triteq in litigation involving plaintiff. Plaintiff argues that Watkins' role as Triteq's and MET's in-house "IP counsel" raises the specter that Watkins could disclose plaintiff's confidential

3   - OPINION AND ORDER

information to MET and/or Triteq if he is allowed access to confidential documents. Among other cases, plaintiff cites <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465 (9th Cir. 1992), where the Ninth Circuit affirmed a magistrate judge's decision to restrict in-house counsel's access to confidential documents.

In response, Watkins and William Denison, the President of MET and CEO of Triteq, assert that Watkins was hired by MET and Triteq to assist in ongoing patent litigation and to negotiate license agreements and settlements to resolve patent disputes. They stress that Watkins is not an officer of Triteq or MET, and that he has no involvement with decisions involving employment, marketing, product pricing, product design, or patent application or prosecution. <u>See</u> Denison Decl. ¶¶ 4-6 (doc. 94); Watkins Decl. & Ex. 1 (doc. 95). Specifically, Denison and Watkins note that Triteq and MET employ different law firms for general business matters and patent prosecutions. Denison Decl. ¶¶ 6,9; Watkins Decl. ¶¶ 5,7.

The Federal Rules of Civil Procedure empower this court to restrict access to confidential information that is otherwise discoverable. <u>See</u> Fed. R. Civ. P. 26(c)(1)(D),(G). Plaintiff's concern is the potential disclosure of its confidential information to and ultimate misuse by MET, a direct competitor. In this situation, the court must "examine factually all the risks and safeguards surrounding inadvertent disclosure" and balance the risk of disclosure to plaintiff against the risk of damaging the

4    - OPINION AND ORDER

defenses of Triteq. Brown Bag, 960 F.2d at 1470-71. A "crucial factor" in the court's assessment is whether the person seeking access is "involved in 'competitive decisionmaking'; that is, advising on decisions about pricing or design 'made in light of similar or corresponding information about a competitor.'" Id. at 1470 (quoting U. S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)).

Based on the representations of Denison and Attorney Watkins, I find that Watkins's role as in-house counsel for MET and Triteq is akin to that of an outside litigator rather than a competitive decision-maker. Watkins was hired to assist with pending litigation involving MET and Triteq, and Watkins is not involved in decisions relating to employment, marketing, product design, product pricing or other matters found troublesome in Brown Bag. Denison Decl. ¶ 4; see Santella v. Grizzly Indus., Inc., 2012 WL 5399970, at *5-6 (D. Or. Nov. 05, 2012); Wi-Lan, Inc. v. Acer, Inc., 2009 WL 1766143 (E.D. Tex. June 23, 2009). Further, Watkins is not an officer for Triteq or MET, does not attend Board meetings and is not involved in patent prosecution. Denison Decl. ¶ 5,9. Watkins also represents that he has an individual office with a lockable door and lockable file cabinets to secure files, and that his electronic documents are stored on a server separate from that used by other MET and TriTeq employees and inaccessible to anyone in either company. Watkins Decl. ¶¶ 3-4. Thus, I find no greater risk of inadvertent

5    - OPINION AND ORDER

disclosure than if Watkins were employed as outside counsel in this litigation. For the same reason, I do not find that the potential risk of inadvertent disclosure outweighs the actual prejudice to Triteq's ability to prepare a defense if Watkins is barred from reviewing responsive discovery material.

Granted, in litigation involving competitors and confidential information, concerns will undoubtedly arise regarding disclosure and competitive misuse; hence, the issuance of the protective order by which Watkins must abide. If plaintiff obtains information that Watkins is, in fact, involved in competitive decision-making at MET or Triteq, the court will entertain renewal of this motion. Additionally, if plaintiff has a particular concern regarding disclosure of specific documents or information, the court will entertain a renewed motion that sets forth, in detail, the reasons why such documents should not be disclosed to Watkins.

In sum, while I appreciate plaintiff's concern over Watkins's role as counsel for both MET and Triteq, the court must base its decision on the facts before it and not on speculation or conjecture. Given the facts presented regarding Watkins's role with Triteq and MET, I do not find that he is a "competitive decision-maker" at MET or Triteq. Accordingly, I find that the risk of inadvertent disclosure does not outweigh the prejudice to Triteq if Watkins is barred from reviewing documents labeled "Attorney Eyes Only." To be clear, Watkins shall not share, in any manner

6    - OPINION AND ORDER

whatsoever, confidential information disclosed in this litigation with Denison or any other officer, executive or employee of Triteq or MET. Further, Watkins shall not use any confidential information reviewed in this litigation to further or pursue litigation against plaintiff.

D. Scheduling Proposals

Finally, plaintiff and Triteq present competing scheduling proposals regarding discovery, dispositive motions, and trial. Plaintiff suggests a more expedited schedule, while Triteq requests a longer schedule, including substantial time for the parties to prepare and submit claim construction briefing. Plaintiff maintains a separate timeline for claim construction is unnecessary, as the claim terms should be given their plain and usual meaning.

Given the recent filings and issues regarding discovery and document review, I am inclined to extend the fact and expert discovery deadlines for several months. Absent agreement of the parties, I generally do not set deadlines for contentions regarding invalidity and non-infringement. Further, while I am skeptical that the parties will agree on the construction of claim terms, I decline to set a separate schedule for claim construction briefing absent agreement of the parties. Instead, as part of the conferral process for dispositive motions, the parties shall confer regarding claim construction and include any argument regarding construction of claims in their dispositive motion briefing.

7    - OPINION AND ORDER

Accordingly, by June 28, 2013, the parties shall complete fact discovery, including fact witness depositions. By August 30, 2013, the parties shall complete expert discovery.

On or before September 9, 2013, the parties shall confer and file a Joint Alternate Dispute Resolution (JADR) report.

On or before September 27, 2013, the parties shall file dispositive motions, including claim construction arguments if necessary. The court will schedule oral argument once briefing is complete. No other deadlines shall be set at this time.

If the parties agree to pursue settlement or mediation in their JADR report, the court will refer the case for settlement or mediation and stay dispositive motion deadlines.

## CONCLUSION

Accordingly, plaintiff's Motion to Compel (doc. 73) and plaintiff's Motion for Amended Protective Order (doc. 87) are DENIED. Triteq's Motion for Stay (doc. 86) is DENIED with leave to renew if Triteq's request for reexamination is granted by the PTO. The parties shall comply with the schedule set forth by the court above.

IT IS SO ORDERED.

Dated this 26th day of March, 2013.

_____
Ann Aiken
United States District Judge

8   - OPINION AND ORDER