UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VIDEX, INC., an Oregon corporation,

        Plaintiff,

    v.

TRITEQ LOCK AND SECURITY, LLC, ROYAL VENDORS, INC., CRANE MERCHANDISING SYSTEMS, INC., dba DIXIE-NARCO, INC., and SANDENVENDO AMERICA, INC.,

        Defendants.

Civ. No. 6:11-cv-6384-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff alleges claims of direct and indirect infringement against defendants under 35 U.S.C. § 271. Defendants now move to dismiss plaintiff's Third Amended Complaint for failure to state a claim or to strike certain claims under Federal Rule of Civil Procedure 12(b)(6) and (f). The motion to dismiss is granted.

1    - OPINION AND ORDER

BACKGROUND

Plaintiff is an Oregon corporation in the business of designing and manufacturing electronic access control products. Plaintiff is the owner of U.S. Patent No. 6,564,600 (the '600 Patent), which is directed to an electronic access control device. These devices are installed in doors, safes, vending machines and other storage containers.

Defendant TriTeq Lock and Security, LLC (TriTeq) is in the business of making, using and selling electronic access control devices. TriTeq's customers include defendants Royal Vendors, Inc., Crane Merchandising Systems, Inc., dba Dixe-Narco, Inc., and Sandenvendo America, Inc. (the customer defendants). The customer defendants manufacture and/or distribute vending machines.

On November 29, 2011, plaintiff filed suit against TriTeq alleging direct infringement of the '600 Patent. Plaintiff alleged that several of TriTeq's devices practice the technology claimed in the '600 Patent. See Compl. at 3. Plaintiff subsequently amended its complaint to add claims of direct infringement against the customer defendants arising from their sales of vending machines that incorporate the allegedly infringing TriTeq products. First Am. Compl. at 4-6. Plaintiff later added claims of indirect infringement against TriTeq based on its sales of allegedly infringing products and components to the customer defendants. Second Am. Compl. at 5-6.

In early 2013, TriTeq successfully sought reexamination of the '600 Patent before the United States Patent and Trademark Office (PTO). See Docs. 86, 102. The '600 Patent claims subject to reexamination were the same patent claims asserted by plaintiff in this litigation. Pursuant to a joint stipulation, the case was stayed during the reexamination.

On October 21, 2013, the PTO issued a reexamination certificate for the '600 Patent; the reexamination resulted in the cancellation of two original independent claims, amendment of seven claims, and issuance of ninety-two new claims. Joint Status Report at 2 (Oct. 22, 2013) (doc. 115). As a result, defendants maintain that "all of the allegedly infringed claims of the original patent-in-suit no longer exist in any substantially identical form[, and] there can be no infringement or damages related to any product sales, use or manufacturing activity occurring before the Reexamination Certificate was issued." Id. at 3.

On November 15, 2013, the parties filed a Joint Status Report and provided their respective positions on how the case should proceed. Plaintiff requested an additional three-week stay of the case to continue settlement discussions. Defendants renewed "their request for this Court to require Plaintiff to file an Amended Complaint, if it has a reasonable basis to do so, to provide fair notice to the Defendants of what its new infringement claims are, if any." Joint Status Report at 3 (Nov. 15, 2013) (doc. 117).

3   - OPINION AND ORDER

Plaintiff was ordered to file an amended complaint, and the case was not stayed.

On December 20, 2013, plaintiff filed a Third Amended Complaint, and all defendants move to dismiss plaintiff's claims for failure to state a claim or to strike certain claims.

## STANDARD

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Thus, district courts should apply "the law of the regional circuit" when resolving a motion to dismiss. Id. at 1356 (citation omitted).

In the Ninth Circuit, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4    - OPINION AND ORDER

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

## DISCUSSION

In its Third Amended Complaint, plaintiff generally alleges that certain TriTeq products "embody or practice the technology claimed in the '600 Patent" and thus directly infringe the '600 Patent. Third Am. Compl. at 4. Specifically, plaintiff's Third Amended Complaint alleges:

> TriTeq has been and currently is directly infringing one or more claims of the '600 Patent, including but not limited to claims that were not subject to the reexamination and claims identified on the reexamination certificate, by making, using, offering to sell, and selling within the United States products that embody the inventions disclosed and claimed in the '600 Patent, or by importing into the United States products that embody the inventions disclosed and claimed in the '600 Patent. The TriTeq products that infringe the '600 Patent include, but are not limited to, the TriTeq Products that embody the patented invention by comprising an electronic access control device in a manner that infringes the '600 Patent.

Id. at 5-6.

Plaintiff asserts similar allegations of direct infringement against the customer defendants and avers that their vending machines "incorporate a TriTeq lock that practices or embodies the '600 Patent." Id. at 4-5, 7-11. Specifically, plaintiff alleges the following against each of the customer defendants:

5   - OPINION AND ORDER

> Royal has been and currently is directly infringing one or more claims of the '600 Patent, including but not limited to claims that were not subject to the reexamination and claims identified on the reexamination certificate, by making, using, offering to sell, and selling . . . or by importing . . . products that incorporate at least one of the TriTeq Products that embody the inventions disclosed and claimed in the '600 Patent. The Royal products that infringe the '600 Patent include, but are not limited to, the Royal products that incorporate at least one of the TriTeq Products that embody the patented invention by comprising an electronic access control device in a manner that infringes the '600 Patent.

Id. at 7-8.

Plaintiff also alleges claims of indirect infringement against TriTeq:

> TriTeq has been and is currently actively inducing and encouraging infringement of one or more claims of the '600 Patent, including but not limited to claims that were not subject to the reexamination and claims identified on the reexamination certificate, . . . . by instructing its customers to use its products in a manner that directly infringes the '600 Patent, including, for example, by instructing its customers to install and use the TriTeq Products in vending machines in order to incorporate electronic access control devices in a manner that directly infringe the '600 Patent.
>
> \*\*\*
>
> TriTeq has been and is currently contributing to the infringement of one or more claims of the '600 Patent, including but not limited to claims that were not subject to the reexamination and claims identified on the reexamination certificate . . . by selling and/or offering to sell . . . and/or importing . . . products that are material components of systems that practice or embody the invention claimed in the '600 Patent. . . . TriTeq sells and offers to sell products . . . knowing that these products are especially made or adapted for use in a manner that infringes the '600 Patent.

Id. at 6-7.

6    - OPINION AND ORDER

Defendants argue that plaintiff's Third Amended Complaint is "vague and ambiguous" and does not sufficiently allege facts supporting a cause of action for direct or indirect infringement. Defs.' Mem. in Support at 2; see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 563. Defendants emphasize that "none of the [previously] asserted claims survived reexamination in their original form," and that plaintiff should not be permitted to allege infringement of claims that were not asserted previously and therefore not subject to the reexamination. Defs.' Mem. at 4. In response to defendants' motion, plaintiff relies primarily on the liberal pleading standard afforded litigants in federal court. See Pl.'s Response at 4-8. I find that plaintiff fails to allege sufficient "factual content that allows the court to draw the reasonable inference" that defendants are liable for infringement of the '600 Patent. Iqbal, 556 U.S. at 678.

As an initial matter, I am not persuaded by plaintiff's argument that its amended complaint must meet only the bare minimum pleading requirements of Federal Rule of Civil Procedure 8 and Form 18. See K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283-84 (Fed. Cir. 2013); In re Bill of Lading, 681 F.3d 1323, 1335 (Fed. Cir. 2012). As the Federal Circuit recognized, "In some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss." In re Bill of

7    - OPINION AND ORDER

Lading, 681 F.3d at 1342; see also K-Tech, 714 F.3d at 1286 ("The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."). Such circumstances are present here. This case has been pending for well over two years, during which time the '600 Patent underwent reexamination and was amended and narrowed. Yet, plaintiff's current allegations are no more specific than those asserted in its previous complaints.

Plaintiff simply and vaguely recites that TriTeq's products "embody the inventions disclosed and claimed in the '600 Patent," "*including but not limited to claims that were not subject to the reexamination and claims identified on the reexamination certificate.*" Third Am. Compl. at 5-6 (emphasis added). Consequently, plaintiff's allegations do not make clear whether it alleges embodiment of claims that were amended, newly issued, or altogether different from those subject to reexamination. I find plaintiff's failure to identify specific claims or claim elements particularly glaring in light of the '600 Patent's reexamination and defendants' repeated assertion that no asserted claim survived the reexamination. This failure alone renders plaintiff's Third Amended Complaint deficient.

Likewise, plaintiff's Third Amended Complaint does not specify the manner in which TriTeq products embody or practice specific

8  - OPINION AND ORDER

claims of the '600 Patent, other than "by comprising an electronic access control device in a manner that infringes the '600 Patent." Third Am. Comp. at 6. Plaintiff maintains that such specificity is not necessary, relying on the Federal Circuit's discussion in Bill of Lading. See 681 F.3d at 1335, 1337-39. However, I find this case distinguishable. Unlike Bill of Lading, the patent-in-suit here has undergone reexamination, placing the basis of plaintiff's patent claims in question and requiring more than the minimal pleading requirements. Further, the complaint at issue in Bill of Lading described the manner of the alleged infringement and "reference[d] specific claim elements" allegedly practiced. Id. at 1335. Here, plaintiff does not describe the manner in which TriTeq products practice specific claim elements of the '600 Patent. In light of the reexamination and nature of this case, plaintiff's failure to allege facts describing the manner of infringement is "fatal." Id. at 1342; see also K-Tech, 714 F.3d at 1286-87 (summarizing the plaintiff's description of the alleged manner of infringement).

Moreover, plaintiff was ordered to amend its complaint in response to defendants' assertion that "Plaintiff has yet to allege whether or not any specific product of the Defendants infringes any of the claims of the re-examination patent," and their express request that plaintiff be ordered "to provide fair notice to the Defendants of what its new infringement claims are, if any." Doc. 117 at 3. In other words, I permitted amendment after reexamination

9    - OPINION AND ORDER

of the '600 Patent to allow plaintiff the opportunity to identify and/or clarify the specific claims of infringement that survived reexamination and the bases for plaintiff's claims. Instead, plaintiff proffers only vague, conclusory and formulaic allegations that TriTeq's products "embody the patented invention . . . in a matter that infringes the '600 Patent." Without more, defendants have insufficient notice of the cause of action against them and the grounds on which it rests.

Finally, I am not inclined to allow further amendment of plaintiff's complaint, finding that such amendment likely would be futile as well as untimely and prejudicial. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (when considering proposed amendments, the court must consider factors of bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed). In its response to defendants' motion, plaintiff again fails to clarify which specific claims or claim elements of the '600 Patent are allegedly practiced, and plaintiff does not otherwise specify or particularize the allegations against defendants. If plaintiff cannot provide further clarification in response to defendants' motion at this stage of the litigation, it is likely that amendment would be futile.

I also note that plaintiff has amended its complaint on two previous occasions and apparently did not assert claims of the '600

10    - OPINION AND ORDER

Patent that were not subject to the reexamination. If plaintiff had asserted such claims, it is likely that TriTeq would have sought reexamination of them as well. See Defs.' Mem. in Support at 14. Regardless, plaintiff fails to explain why it could not have previously asserted infringement of patent claims not subject to reexamination or why it should be allowed to do so at this stage of the litigations. Therefore, I find amendment untimely and prejudicial to defendants.

In sum, given the lack of "non-conclusory factual content" that could "plausibly" suggest a claim entitling plaintiff to relief, Moss, 572 F.3d at 969, dismissal of plaintiff's Third Amended Complaint is warranted.

## CONCLUSION

Defendants' Motion to Dismiss the Third Amended Complaint (doc. 122) is GRANTED. This action is DISMISSED.
IT IS SO ORDERED.
Dated this 8th day of ~~April~~ May, 2014.

_____
Ann Aiken
United States District Judge